LEWIS ELMER DAWSON, Appellee, v. GERTIE T. DAWSON,
Appellant.

**Divorce:** INHUMAN TREATMENT: EVIDENCE. In this action by the
husband for divorce on the ground of desertion, to which the wife
filed a cross-bill alleging that she left him because of his cruel and
inhuman treatment, and asked a divorce from him on that ground,
the evidence is held insufficient to show cruel and inhuman treat-
ment.

*Appeal from Floyd District Court.*—HON. C. H. KELLEY,
Judge.

THURSDAY, MARCH 13, 1913.

ACTION for divorce. Decree for the plaintiff. Defendant appeals.—*Affirmed.*

*J. C. Campbell,* for appellant.

*C. S. Moore,* for appellee.

GAYNOR, J.—On the 21st day of December, 1910, the plaintiff filed his petition in the district court of Floyd county, alleging among other things, that he was married to the defendant on or about the 23d day of December, 1906; that defendant wrongfully, and without fault on his part, violated her marriage vows, and deserted the plaintiff on or about the 1st day of October, 1908, and has ever since absented herself from him without any reasonable or just cause therefor, and he prays that he be divorced from the defendant. The defendant, answering the petition, denies each and every allegation thereof, except that they were married as stated, and lived together until about the 8th day of October, 1908, and alleges that she left him on account of his cruel and inhuman treatment of her, and in a cross-petition asks a divorce from the plaintiff on this ground. The court before whom the case was tried granted plaintiff a divorce, finding that the defendant on or about the 1st day of October, 1908, deserted plaintiff without reasonable or just cause therefor, and has ever since absented herself from him as charged in the petition, and dismissed defendant's cross-bill.

The first complaint made on this appeal is in the action of the court granting the plaintiff a divorce from the defendant on the ground of desertion, and the refusal of the court to grant the defendant a divorce from the plaintiff on the grounds of cruel and inhuman treatment. It appears without dispute in the record that the defendant deserted the plaintiff and remained continuously absent from him for

two years prior to the commencement of these divorce proceedings, and the only question for the court upon plaintiff's claim was whether or not under the facts disclosed she had reasonable cause and just grounds for so doing.

It appears that prior to this last separation she had left the plaintiff, and the plaintiff had commenced divorce proceedings against her on the grounds of cruel and inhuman treatment, alleging in his petition that the defendant was guilty of unwifely conduct, and many times threatened his life, refused to prepare and serve him meals, and treated him more like an enemy than a friend; that she had frequently visited dances and other places of amusement with other men and against his will; that she frequently abused him in the presence of third persons, calling him vile and indecent names, refused to bear him children, and used improper means to avoid doing so; that said petition was by the plaintiff afterwards dismissed, and upon the dismissal of the case plaintiff and defendant again lived together, and "let the dead past bury its dead;" that in a few weeks thereafter a report appeared in one of the local papers reciting the facts set out in the petition. We assume this, although the contents of the publication is not in the record. This publication provoked the defendant, and she thereupon insisted that the plaintiff publish a statement withdrawing the charges made in the petition. It does not appear that the plaintiff was responsible for the publication, although it does appear that he went to his attorney and sought to have a public withdrawal of the charges made, which it appears was never done, and for this reason the defendant says she left him. There is very little evidence in the record as to any cruel and inhuman treatment of the defendant by the plaintiff. The only evidence comes from her, and she is not corroborated in any of her statements except in one instance testified to by her son, and that can hardly be considered a corroboration of her testimony, for the reason that the instance related by him was not referred to by her in her testimony, and in

his recitation of the instance it appears that the parties were equally to blame.

Complaint is also made of the action of the court as unfair in the distribution of the property between the parties. Careful examination of the record satisfied us that this complaint is not well founded.

We find no error in the record, and the cause is *Affirmed*.